IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JERMAINE BRINKER, #L6872**                                                                           **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 5:14-cv-54-DCB-MTP**

**STATE OF MISSISSIPPI**                                                                              **RESPONDENT**

### MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. On July 7, 2014, Petitioner, an inmate of the Mississippi Department of Corrections, filed this *pro se* request for habeas relief pursuant to 28 U.S.C. § 2254. On July 8, 2014, an Order [3] was entered directing Petitioner to file a completed *in forma pauperis* application or pay the $5.00 filing fee, on or before July 28, 2014. The Order warned Petitioner that his failure to keep the Court informed of his current address or failure to timely comply with the requirements of the Order may lead to the dismissal of his petition. Petitioner failed to comply with this Order.

On September 4, 2014, an Order [4] was entered directing Petitioner to show cause why this case should not be dismissed for his failure to comply with the Court's previous Order. Petitioner was directed to comply with the Order by filing the required documents or paying the filing fee on or before September 19, 2014. The Show Cause Order [4] warned Petitioner that his failure to keep the Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his petition without further notice. Petitioner failed to comply with the Show Cause Order.

Since Petitioner is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On October 3, 2014, the

Court entered a Final Order to Show Cause [5].  Petitioner was directed to show cause, on or before October 17, 2014, why this case should not be dismissed for his failure to comply with the Court's prior Orders.  In addition, Petitioner was directed to comply with the previous Orders by filing the required documents or paying the filing fee on or before October 17, 2014.  Consistent with the prior orders, the Final Order to Show Cause [5] warned Petitioner that his failure to keep the Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his petition without further notice.  Petitioner has not complied with the Final Order to Show Cause or otherwise contacted the Court.

    This Court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority.  *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions.  *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997)(affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[1]  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition

---

[1]*See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Petitioner has failed to comply with three Court Orders [3, 4, 5]. Petitioner's last contact with the Court was when he filed this case on July 7, 2014. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Petitioner's failure to prosecute and for failure to comply with the Orders [3, 4, 5] of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009)(affirming dismissal based on inmate's failure to comply with a court order); *Davis v. Gordon*, 75 F. App'x 261, 261 (5th Cir. 2003)(affirming dismissal based on habeas petitioner's failure to pay the filing fee). Since Respondent has not been called on to respond to Petitioner's pleading, and the Court has not considered the merits of Petitioner's claims, the dismissal of this case is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

**SO ORDERED AND ADJUDGED**, this the   3rd   day of November, 2014.

                                           s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE